IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,                                    ORDER

          v.                                               02-cr-10-bbc-1

GREGORY S. HAMPTON,
                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Gregory S. Hampton's supervised release was held on January 7, 2015, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Robert A. Anderson. Defendant was present in person and by counsel, Jeffrey Wayne Nichols. Also present was U.S. Probation Officer Jelani D. Brown.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on June 25, 2002, following his conviction for distribution of approximately 69.79 grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), a Class A felony. He was committed to the custody of the Bureau of Prisons to serve a 136-month term of imprisonment, with a five-year term of supervised release to follow. On March 10, 2008, his sentence was reduced to 120 months' imprisonment. The five-year term of supervised

release was affirmed.

Defendant began his term of supervised release on November 3, 2010. On October 22, 2012, defendant's conditions of supervised release were modified after he was arrested for disorderly conduct. A special condition of supervised release was added requiring defendant to participate in a mental health assessment for anger management.

Defendant violated Special Condition No. 4 of his conditions of supervised release requiring him to pay child support in accordance with applicable court orders. On November 18, 2014, the Dane County Child Support Agency advised that defendant had not made any payments toward his child support obligation since October 3, 2014. On January 6, 2015, Dane County Child Support advised that defendant did make a payment towards his child support arrears on November 25, 2014. However, defendant failed to notify the child support agency of his new employment.

Defendant violated Standard Condition No. 6 of his conditions of supervised release requiring him to notify his probation officer within seventy-two hours of any change in employment, when he quit his employment on September 18, 2014 and failed to notify his probation officer of this change in employment status until October 23, 2014.

CONCLUSIONS

Defendant's criminal history category is IV. With a Grade C violation, defendant has an advisory guideline range of imprisonment of 6 to 12 months. Under 18 U.S.C. § 3583, the statutory maximum to which defendant can be sentenced upon revocation is two years because his original conviction was for a Class C felony.

2

18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment if supervised release is revoked.

Although defendant's violations may warrant revocation, I am persuaded that defendant's curative actions (obtaining new employment and making a child support payment) warrant a non-custodial disposition. Accordingly, his supervised release conditions will be modified to include home confinement, including electronic location monitoring, for a period not to exceed 90 days.

ORDER

IT IS ORDERED that defendant's term of supervised release be continued, and that the following condition be added to his conditions of supervised release:

Participate for a period of 90 days in a home detention program to include location monitoring. During this time, defendant shall remain at his residence every day from 11:00 p.m. to 6:00 a.m., as approved by the supervising U.S. probation officer. Defendant shall be responsible for the cost of location monitoring. The probation officer may terminate the location monitoring earlier if he believes it is no longer needed.

Entered this 7th day of January 2015.

BY THE COURT:

/s/
Barbara B. Crabb
U.S. District Judge

3